IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORHAF HAMDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-00577-JD |
| ) | |
| FNU RIVERA, Mr. Food Department ) | |
| Manager, Official Capacity; ) | |
| FNU HIGGINS, Mr. Food Department ) | |
| Supervisor, Official Capacity; DC COLE, ) | |
| Mr. Facility Administrator, Warden, ) | |
| Official Capacity; D. CALDWELL, Mr. ) | |
| Assistant Facility Administrator, Official ) | |
| Capacity; MARK KNUTSON, Mr. Director's ) | |
| Designee of Administrative Review Authority, ) | |
| Official Capacity; and GEO SECURE ) | |
| SERVICES, Official Capacity, doing business ) | |
| as GEO Corrections, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green on April 5, 2024, recommending Defendant Mark Knutson's Motion to Dismiss [Doc. No. 16] be granted, LCF Defendants'[1] Motion to Dismiss [Doc. No. 20] be granted in part, LCF Defendants' Motion for Summary Judgment [Doc. No. 20] be granted in part, and that the Court grant judgment in favor of Defendant GEO Secure Services ("GEO") on Plaintiff Morhaf Hamdo's ("Hamdo") sole exhausted claim. *See* Report & Recommendation [Doc. No. 23].

---

[1] The Report and Recommendation defines the Lawton Correctional Facility Defendants or "LCF Defendants" to mean collectively Javier Rivera, Paul Higgins, David C. Cole, Dean Caldwell, and GEO. These defendants filed the Motion at [Doc. No. 20].

Judge Green advised Hamdo of his right to object to the Report and Recommendation by April 26, 2024. [Doc. No. 23 at 21].[2] Judge Green also warned Hamdo that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal findings and recommendations in the Report and Recommendation. [*Id.*]. Hamdo did not object to the findings or recommendations of Judge Green in the Report and Recommendation.

With no objection to the Report and Recommendation being filed,[3] and upon review, the Court ACCEPTS the Report and Recommendation [Doc. No. 23] as modified in this Order. Section III, Part D of the Report and Recommendation states "that Plaintiff

---

[2] Hamdo is responsible for updating his address with the Court, and mail sent by the Court to the last known address at the time of the court filing is deemed delivered. *See* LCvR5.4; *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267–68 (10th Cir. 1999). Hamdo was discharged from LCF as of October 22, 2023. [Doc. No. 23 at 7]. The Report and Recommendation of April 5, 2024, was mailed to his last known address. Hamdo did not file a change of address until May 6, 2024. [Doc. No. 24].

[3] By rule and statute, the Court reviews "de novo any part of the magistrate judge's disposition *that has been properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*.") (emphasis added). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, parties waive their rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). The Court deems any objections to the Report and Recommendation as waived.

failed to exhaust his administrative remedies on all but one of his grievances related to his claims" and that the "sole exhausted grievance" is LCF 039-23. [Doc. No. 23 at 14]. However, upon review of the filings, particularly Mark Knutson's Special Report [Doc. No. 15], the Court concludes that Hamdo also exhausted his administrative remedies for LCF 511-23. *See* [Doc. No. 15 at 8] ("Petitioner exhausted available administrative remedies regarding this issue.").

In LCF 511-23, Hamdo complained that the prison was not following its halal diet policy ("policy"). He said his meals were "missing food items" like fruits and vegetables. [Doc. No. 15-10 at 4]. However, the policy, which was included in the Complaint and Special Reports, does not guarantee these specific food items. For example, the policy says, "Vegetable preparation may be done by designated properly trained food service personnel." [Doc. No. 1-1 at 14]. In the margins of the policy, Hamdo writes, "Vegetables never served." [*Id.*]. Hamdo misunderstands the policy; it prescribes how food should be prepared and served to comply with halal restrictions. It does not mandate vegetables, or other specific items, at specific meals. GEO therefore did not violate its policy by failing to include certain food items at certain meals.[4]

This is the same reason the Report and Recommendation held that the undisputed evidence showed that GEO is entitled to judgment as a matter of law on Hamdo's other

---

[4] The Court notes that Hamdo does not argue that the *policy* violated his rights. Instead, he argues that Defendant GEO violated his rights by not following the policy. *See* [Doc. No. 15-10 at 6] (requesting that the prison follow the halal diet policy). However, there is no genuine dispute regarding whether GEO followed the policy. Hamdo's filings and the Special Reports confirm that GEO followed the policy—just not Hamdo's interpretation of the policy.

exhausted claim—LCF 039-23. Accordingly, the Court incorporates Section III, Part E of the Report and Recommendation, which analyzed LCF 039-23, as part of the Court's reasoning for granting GEO judgment as a matter of law on LCF 511-23. For these reasons, although LCF 511-23 has been exhausted, this claim fails as a matter of law.

Accordingly, the Court ACCEPTS the Report and Recommendation as modified in this Order. The Court: DISMISSES Hamdo's claims for declaratory and injunctive relief against Mark Knutson without prejudice (based on mootness) and his claims for monetary damages against Knutson in his official capacity without prejudice (based on sovereign immunity under the Eleventh Amendment); DISMISSES Hamdo's claims for declaratory and injunctive relief against Javier Rivera, Paul Higgins, David C. Cole, Dean Caldwell, and GEO without prejudice (based on mootness) and his claims for monetary damages against Rivera, Higgins, Cole, and Caldwell in their official capacities with prejudice; DISMISSES the unexhausted claims against GEO without prejudice; and DISMISSES the exhausted claims against GEO with prejudice. *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) ("Eleventh Amendment immunity is jurisdictional" and dismissal should be "without prejudice"); *Brown v. Buhman*, 822 F.3d 1151, 1165, 1179 (10th Cir. 2016) (explaining that "[m]ootness deprives federal courts of jurisdiction" and lack of subject-matter jurisdiction results in a dismissal without prejudice); *Hines v. Sherron*, 372 F. App'x 853, 854 (10th Cir. 2010) (unpublished) (affirming a district court's decision to grant summary judgment and dismiss the complaint without prejudice for failure to exhaust administrative remedies); *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust

4

administrative remedies should be *without* prejudice.").

    IT IS SO ORDERED this 12th day of June 2024.

                                        JODI W. DISHMAN
                                        UNITED STATES DISTRICT JUDGE